**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50565 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00695-ODW-1 |
| v. | |
| PETER HARMON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted September 2, 2009 [**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Criminal defendant Peter Harmon appeals the district court's sentence of

four months imprisonment and three years of supervised release following his plea

of guilty to possession of stolen mail under 18 U.S.C. § 1708. Harmon contends

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that he was entitled to a reduction in sentence under the section 3E1.1 of the federal sentencing guidelines for accepting responsibility for his actions. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review the district court's factual determination of whether a defendant has accepted responsibility for clear error. United States v. Wilson, 392 F.3d 1055, 1061 (9th Cir. 2005).

The facts of this case are known to the parties. We do not repeat them.

Under the federal sentencing guidelines, a criminal defendant is entitled to a downward adjustment if he clearly accepts responsibility for all of his relevant conduct. Id. A plea of guilty is evidence of acceptance of responsibility, but it may be outweighed by a defendant's inconsistent conduct. U.S.S.G. § 3E1.1 app. n.3. The defendant carries the burden of proof in demonstrating acceptance of responsibility. United States v. Innie, 7 F.3d 840, 848 (9th Cir. 1993).

The district court did not clearly err when it determined that Harmon had not clearly accepted responsibility. The district court found that Harmon had not clearly accepted responsibility despite his admission and guilty plea because of his pattern of missing appointments with probation officers and showing up late to court, if at all. The court found this behavior inconsistent with acceptance of responsibility and declined to apply a reduction. This determination is entitled to

2

"great discretion" and is amply supported by the record.  See <u>Wilson</u>, 392 F.3d at 1061 (noting we "afford the district court great deference because of its unique position to evaluate a defendant's acceptance of responsibility") (internal quotation marks omitted).

 **AFFIRMED.**